JOE BROWNING v. E. L. WEISSINGER, TRADING AND DOING BUSINESS AS WEISSINGER LUMBER COMPANY.

(Filed 19 September, 1956.)

**Appeal and Error § 40—**

Where appellant fails to show prejudicial error on his exceptions to the admission of evidence and the court's charge to the jury, the judgment will be affirmed.

JOHNSON, J., not sitting.

APPEAL by defendant from *Pless, J.,* January Term, 1956, of HAY-WOOD.

This was an action to recover the market value of 50,000 feet of chestnut logs, alleged to have been wrongfully taken by defendant.

Plaintiff's evidence tended to show the following facts: The defendant Weissinger had purchased a large quantity of timber in what is known as the Fires Creek Boundary in Clay County, including dead chestnut trees and fallen logs. As to this chestnut timber, defendant had made a contract with Ervin Reece by the terms of which Reece was to cut the timber into logs of proper lengths, pull or snake the logs down to the landing or place of loading, where they were to be loaded on trucks and hauled to the mill of Hogsed in Haysville. Reece was to pay the defendant for the logs at the rate of $10 per thousand feet for stumpage, plus $1 per thousand for loading, using defendant's loader. The contract contemplated that Reece would get out logs in quantity to scale 100,000 feet. After signing the contract and cutting some of the logs, Reece for a consideration sold his contract and all his rights and interest in the logs to the plaintiff, Joe Browning.

On 26 March, 1954, Reece and plaintiff Browning gave written notice to the defendant of their agreement in the form of a letter signed by both. In this letter, which was in evidence, Reece stated that "it would be to the best interest of both of us that I let Joe Browning have my interest in my timber I have been cutting and he will carry out my contract and has the equipment to carry out our agreement." Plaintiff showed this letter to the defendant and the defendant said it was all right. Thereupon, with his equipment and three employees, Browning took over and cut and brought out to the place of loading 200 logs, sizes 18 to 48 inches in diameter, which would have cut 50,000 feet of merchantable chestnut lumber. Plaintiff did not haul the logs away immediately and contemplated putting down a mill to saw them, but shortly thereafter the defendant Weissinger hauled the logs to his own mill at Ellijay, Georgia, where they were converted into lumber and sold in due course.

Plaintiff's evidence tended to show the market value of chestnut logs at the time and place and in the condition and of the grade of these logs was $45 per thousand feet, and that allowing $10 per thousand stumpage and $1 for loading, the value of these logs taken by defendant was $1,700.

The defendant in his testimony denied that he had agreed that plaintiff Browning should take over Reece's contract, but did not controvert the fact that plaintiff and several of his employees were at work in the Fires Creek Boundary. He admitted hauling off some of the logs to his mill in Georgia, but offered evidence that these logs only scaled

some 14,000 feet, and that the market value of the logs was not more than $40 per thousand.

It appeared that plaintiff went to see the defendant in Ellijay and demanded payment for his logs. The defendant testified: "I didn't pay Browning for these logs that were taken to my mill in Ellijay because he never asked for the pay. He came there and run me in the house and didn't even give me a chance to offer him pay. I didn't send him a check because I didn't know how much. He did not ask for pay; he asked to settle in court. I would have paid him gladly a reasonable amount but he asked me if I wanted to pay him $4,000 or settle it in Court, and I said 'Just settle it in court.'"

Without objection the court submitted this issue to the jury:

"1. What amount, if any, is the plaintiff entitled to recover of the defendant?"

The jury for their verdict answered the issue "$1,500." From judgment on the verdict, defendant appealed.

*W. R. Francis and F. E. Alley, Jr., for plaintiff, appellee.*

*O. L. Anderson and Frank D. Ferguson for defendant, appellant.*

DEVIN, J. The defendant in his appeal to this Court assigned numerous errors in the court below in the admission of testimony over defendant's objection and in the court's charge to the jury, but an examination of the entire record leaves us with the impression that the court correctly interpreted the controversy and fairly presented the case to the jury. No prejudicial error has been made to appear.

We note that according to the record before us the defendant testified on the trial in substance that he did not pay the plaintiff because he didn't know how much, and that he would have paid him a reasonable amount if he had asked him.

The jury, after hearing all the testimony, found the amount the plaintiff was entitled to recover was $1,500. On this record we see no valid reason to disturb the result.

No error.

JOHNSON, J., not sitting.